UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDGARDO SANTANA, JR.,

    Plaintiff,

v.                         Case No.: 8:13-cv-1737-T-33AEP

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Edgardo Santana Jr.'s Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d)[1] (Doc. # 25), filed on May 13, 2014, wherein Plaintiff seeks an award of $7,018.51 in attorney fees and $24.00 in paralegal fees. Plaintiff represents that counsel for the government has no objection to the requested fees. (Id. at ¶ 15). For the reasons that follow, the Court grants Plaintiff's Petition.

**A.**     **Eligibility for Award of Fees**

---

[1] Plaintiff's Petition is titled "Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d)." However, the Court finds this to be a scrivener's error as Plaintiff references 28 U.S.C. § 2412(d) throughout his Petition.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of a Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. **Prevailing Party**

The Judgment in this case (Doc. # 24) reversed the final decision of the Commissioner and remanded the case for further administrative proceedings consistent with the reasons stated

in the Commissioner's Motion for Entry of Judgment with Remand (Doc. # 21). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

### 2. Timely Application

The EAJA requires a prevailing party to file an application for attorney fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this Court's Judgment, entered on April 17, 2014 (Doc. # 24), became final, which occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Because Plaintiff's Petition, including an itemized justification for the amount sought, was filed on May 13, 2014, it is found to be timely filed.

### 3. Claimant's Net Worth

Plaintiff's Petition asserts that "[Plaintiff's] net worth at the time this proceeding was filed was less than two million dollars." (Doc. # 25 at ¶ 9). The Commissioner does

not contest this fact. Accordingly, the Court finds this requirement to be satisfied.

**4.     Lack of Substantial Justification**

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). According to Plaintiff, "The Commissioner's position at the administrative level and District Court level was not substantially justified." (Doc. # 25 at ¶ 8). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

**5.     No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of attorney fees. Accordingly, the Court finds no special circumstances indicating an award of attorney fees would be unjust.

**B.     Amount of Fees**

- 4 -

Having determined Plaintiff is eligible for an award of attorney fees under the EAJA, the Court now turns to the reasonableness of the amount of attorney fees sought. Plaintiff requests an award of $7,018.51 in attorney fees, representing 37.2 hours of attorney time[2] at various hourly rates, as well as paralegal fees in the amount of $24.00.

The amount of attorney fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment in the hourly rate is appropriate. Plaintiff proposes an hourly rate of $187.50 for 2013, and $188.75 for 2014, and the Commissioner does not oppose these proposed hourly rates.

---

[2] Plaintiff is represented by Carol Avard, Esq., who expended 26.5 hours in this case, and is also represented by Mark Zakhvatayev, Esq. who expended 8.4 hours in this case. Both counsel expended 2.3 hours collectively in preparing the present Petition. Plaintiff has filed an itemization of hours for each attorney. (Doc. # 25 at 14-15).

Plaintiff seeks an award based on a total of 37.2 hours of attorney time: 2.4 hours in 2013 and 34.8 hours in 2014. This Court believes 37.2 hours of attorney time is reasonable in this case. Therefore, the Court finds $7,018.51 is a reasonable fee in this case. The Court also approves the paralegal fees sought in this case, which amount to $24.00.

C. **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Accordingly, Plaintiff does not request payment of the EAJA fees directly to his counsel at this juncture but instead posits that:

> [T]he parties agree that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

(Doc. # 25 at ¶ 13). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

- 6 -

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) is **GRANTED** in the amount of **$7,042.51**, which represents $7,018.51 in attorney fees and $24.00 in paralegal fees.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record